UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE et al.,<br><br>*Defendants*. | Civil Action No. 22-2939 (DLF) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff, Matthew Gebert, hereby moves for leave to file a First Amended Complaint. Pursuant to Local Rule 7(m), counsel for the Plaintiff has conferred with counsel for the Defendants. Defendants' counsel indicated he does not consent to the proposed motion. The grounds for this motion are as follows:

1) Following the filing of Plaintiff's Complaint, which alleges that Defendants violated his rights under the United States Constitution, FOIA, the Privacy Act, and committed various Administrative Procedure Act violations, the Defendants moved to dismiss the Complaint on February 14, 2023. ECF No. 10. Plaintiff submitted his Memorandum in Opposition on March 31, 2023. (ECF No. 28). The Court granted Defendants' request for an extension of time to file their reply on or before May 7, 2023 (ECF No. 29), which was then extended to May 22, 2023 (ECF No. 30). Plaintiff consented to both requests. Defendants filed their Reply on May 19, 2023 (ECF No. 31).

2) On May 10, 2023, Defendants' counsel conferred with Plaintiff's counsel to

discuss another 14-day extension, which would extend the due date for Defendants' reply to June 5. Plaintiff requested the reason for Defendants' additional extension request, wherein Defendants' counsel indicated it was due to the several new facts and arguments put forth in Plaintiff's opposition memorandum, including, but not limited to, overbreadth and vagueness arguments. Plaintiff did not oppose Defendants' extension request.

3) During the May 10, 2023, discussions, however, Plaintiff's counsel indicated it would be best if Plaintiff just amended his Complaint to avoid any similar potential interpretations by the Court that Plaintiff was seeking to amend his Complaint by way of his opposition to the MTD.

4) Plaintiff Gebert respectfully requests permission to file an Amended Complaint in this action to reflect: information that was previously known and incorporated, generally, by reference within his initial Complaint, but out of an abundance of caution, believes it is necessary to more explicitly allege such facts within his Complaint. The second reason is to more clearly state claims under the overbreadth and vagueness doctrines/concepts which are theories under the First Amendment counts that have already been alleged and addressed by the Defendants Reply.

5) Pursuant to Local Civil Rule 15.1, Plaintiff attaches to this motion the proposed pleading as amended. *See* Exhibit A. For the convenience of the Court and the Defendants, Plaintiff also attaches a "redline" version of the proposed pleading showing the changes between the Complaint and the proposed First Amended Complaint. *See* Exhibit B.

6) Briefly, the allegations Plaintiff seeks to add in the Second Amended Complaint are as follows:

        a)       Add facts alleged in the Opposition that were not included within the original Complaint;

        b)       Add an alternate count as a basis to allege that Defendants' denial and forced loss of accrued leave to Gebert was not only a due process violation, but also and/or in the alternative, an Administrative Procedures Act (APA) violation;

        c)       Add a count to allege that Defendants' policies, procedures, and practices result in regulating speech and activities too broadly and prohibit protected as well as non-protected speech and activities under the First Amendment (overbreadth); and

        d)       Add a count to allege that Defendants' policies, procedures, and practices result in any reasonable person being unable to distinguish between permissible and impermissible speech and activities because of the difficulty encountered in assigning meaning to Defendant's language used (vagueness).

7)       Under Federal Rule of Civil Procedure 15(a), outside of the timing requirements discussed where amending may be done as a matter of right, a plaintiff may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

8)       Motions to amend the complaint are liberally granted by this Court. *See Adams v. Quattlebaum*, 219 F.R.D. 195, 197 (D.D.C. 2004) ("[C]ourt[s] must . . . heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'"). The D.C. Circuit has adopted a liberal approach to the amendment of pleadings to ensure that claims will be decided on the merits rather than on technicalities. *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Leave should be denied only upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Belizan*, 434 F.3d at 582; *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999).

9) Moreover, prejudice to the party opposing the amendment must be substantial in that the amendment must cause a serious impairment of the non-movant's ability to present its case. *Cf. Djourabchi v. Self*, 240 F.R.D. 5, 13-14 (D.D.C. 2006). The party opposing the amendment bears the burden of showing such substantial or undue prejudice. *Atlantic Bulk Carrier Corp. v. Milan Express Co., Inc.*, No. 3:10cv103, 2010 WL 2929612, at *4 (E.D. Va. 2010). Pertinent considerations in analyzing whether "undue prejudice" exists include: whether the proposed amendment (1) "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation," (2) requires the defendant to expend significant additional resources to conduct discovery and prepare for trial; and (3) will significantly delay the resolution of the dispute. *See Djourabchi*, 240 F.R.D. at 13.

10) There has been no undue delay in filing this motion, as Plaintiff filed it soon after receiving information that provided good-faith grounds to assert additional causes of action: he is filing on the same day he received Defendants' Reply brief. Rather than wait for the Court's interpretation and Order, allowing Plaintiff to correct deficiencies at this stage would actually *avoid* future delay.

11) The filing of the proposed First Amended Complaint will not cause the Defendants to suffer undue prejudice. When considering whether an amended pleading would impose undue prejudice on a party, the inquiry centers on whether the amendment will put a litigant at some litigation disadvantage (*e.g.,* by denying a litigant an opportunity to participate in

discovery or motion practice). *See Teltschik v. Williams & Jensen*, 683 F. Supp. 2d 33, 42 (D.D.C. 2010) (denying leave where proposed amendment came "years after [plaintiff] filed his original complaint and after the parties [] conducted extensive discovery").

12) Here, Defendants will not be deprived of any discovery or any other rights in connection with the presentation of their defense to Plaintiff's claims. The additional allegations do not alter Plaintiff's legal theories, involve new claims that were not at least raised during the Opposition, or raise new legal issues. They simply attempt to provide more facts and details to support existing claims, as well as to articulate First Amendment claims more clearly that were essentially implied or briefly mentioned within existing counts. Further, Plaintiff properly delineating between all First Amendment claims will provide clarity to allow the Defendants to address Plaintiff's allegations more easily. Defendants will not have to engage in significant new preparation or expend significant additional resources as a result of the proposed amendments as all facts and allegations have already been presented in Plaintiff's Opposition.

13) Plaintiff respectfully suggests that the filing of the First Amended Complaint should not result in an entirely new motion to dismiss and related briefing, with all the delay that would entail. The proposed amendment presents no new legal claims. It simply puts forth narrow—albeit significant—additional factual allegations in support of the existing claims and carves out implied claims into their own counts. Should leave to amend be granted, Plaintiff requests the Court to authorize no further or additional briefing, as Defendants were put on notice of Plaintiff's additional claims by way of his Opposition brief and subsequently by Plaintiff's counsel via email during the May 10, 2023 exchange, and Defendants have already addressed new counts, spending nearly five pages of their Reply brief defending against "overbreadth" and "vagueness" claims.

WHEREFORE, Plaintiff respectfully requests that the Court permit the requested amendment and establish the requested briefing schedule. A Proposed Order is attached.

Dated: May 21, 2023                                   Respectfully submitted,

                                                      By: /s/ *Brett J. O'Brien*
                                                      BRETT O'BRIEN, ESQ
                                                      Bar License #: 1753983
                                                      NATIONAL SECURITY LAW FIRM, LLC
                                                      1250 Connecticut Avenue
                                                      NW Suite 700
                                                      Washington, DC 20036
                                                      Phone: (202) 600-4996
                                                      Fax:    (202) 545-6318