UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>　　　　　*Defendants*. | Civil Action No. 22-2939 (DLF) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), Defendants, by and through the undersigned counsel, respectfully respond in opposition to Plaintiff Matthew Gebert's motion for leave to amend the complaint, ECF No. 32. A proposed order is attached.

## BACKGROUND

Gebert filed suit on September 28, 2022. ECF No. 1. Defendants moved to dismiss on February 14, 2023. ECF No. 10. Gebert responded in opposition to Defendants' motion on March 31, 2023. ECF No. 28. Defendants replied in support of their motion on May 18, 2023. ECF No. 31. Gebert moved for leave to amend his complaint on May 21, 2023, seeking to add three new claims, as well as various new factual allegations in support of his existing claims. ECF No. 32.

## ARGUMENT

This Court should deny Gebert leave to amend his complaint because Defendants' motion to dismiss is fully briefed, and the new claims and allegations that Gebert now seeks to raise were all "previously known" to him. Pl.'s Mot. at 2. Except in limited circumstances not relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should grant such leave "when justice so requires." *Id.*

"Where a defendant has filed a dispositive motion and a plaintiff has opposed it, denial of permission to amend is proper." *James Madison Proj. v. Dep't of Just.*, 208 F. Supp. 3d 265, 277 (D.D.C. 2016) (cleaned up); *see also Moldea v. N.Y. Times Co.*, 793 F. Supp. 338, 338 (D.D.C. 1992) ("It is settled that where a defendant has filed a dispositive motion, as here, and plaintiff has opposed it, denial of permission to amend is proper."); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 19 (D.C. Cir. 1987) (no abuse of discretion in denying leave to amend complaint "after dispositive motions had been filed and opposed"). Gebert moved for leave to amend his complaint only after Defendants filed their reply in support of their motion to dismiss, which is now ripe for this Court's resolution. "It would be unfair . . . to permit [Gebert] to file a new complaint that would likely render the defendant[s'] motion outdated, at least in part, and necessitate a new round of briefing." *Boykin v. Gray*, Civ. A. No. 10-1790 (PLF), 2013 WL 12457630, at *4 (D.D.C. Sept. 18, 2013).

Leave to amend is particularly unwarranted given that the new claims and allegations that Gebert seeks to raise were all "previously known" to him. Pl.'s Mot. at 2. Gebert fails to explain why he could not have raised these claims and allegations in his original complaint. He professes to have sought leave to amend "soon after receiving information that provided good-faith grounds to assert additional causes of action," but fails to specify what new "information" he received. *Id.* at 4. To the extent he is referring to communications between counsel in which Defendants noted that he raised "several new facts and arguments . . . in [his] opposition memorandum," *id.* at 2, he had notice that he did not raise such claims and allegations in his original complaint. *See Trudel v. SunTrust Bank*, 924 F.3d 1281, 1288 (D.C. Cir. 2019) (leave properly denied where "plaintiffs offered no good reason for failing" to act timely); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987) (leave properly denied where plaintiff "offered no explanation for its tardiness"); *Schubarth v. Federal Republic of Germany*, Civ. A. No. 14-2140

(CRC), 2020 WL 13065292, at *12 (D.D.C. Mar. 12, 2020) (plaintiffs cannot "amend long after pleading deficiencies have been first brought to their attention"); *James Madison Proj.*, 208 F. Supp. 3d at 277 ("Whether there has been an unexplained delay in pleading previously-known allegations is another important consideration" in whether to grant leave (internal quotation marks omitted); *Societe Liz, S.A. v. Charles of the Ritz Grp., Ltd.*, 118 F.R.D. 2, 4 (D.D.C. 1987) (same); *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 421 (D.D.C. 2010) (leave properly denied "if a party had sufficient opportunity to state the amended claims and failed to do so" (cleaned up)).

Notably, Rule 15 expressly contemplates that a plaintiff who wants to amend his complaint after a defendant moves to dismiss should do so within 21 days of the motion's service. Fed. R. Civ. P. 15(a)(1)(B). This rule's purpose is to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15, advisory comm. note to 2009 amend.; *accord Hayes v. District of Columbia*, 275 F.R.D. 343, 345-46 (D.D.C. 2011) ("the purpose of [this rule] was to require pleaders to file amended complaints promptly following dispositive motions and to increase efficient management of the court's docket," and offer "an enhanced degree of notice of whether a pleader intends to respond to a motion to dismiss via an amended complaint"). Rather than amend his complaint within 21 days of Defendants' motion to dismiss, Gebert instead chose to file a response in opposition. He did not move for leave to amend his complaint until 76 days after Defendants had moved to dismiss—well past the time that Rule 15(a)(1)(B) contemplates. Amending the complaint at this juncture would undermine the policies of notice and finality that Rule 15(a)(1)(B)'s 21-day limit was designed to promote. *See Price v. Unite Here Local 25*, 883 F. Supp. 2d 146, 154 (D.D.C. 2012) ("[P]laintiff cannot keep this case alive indefinitely by shifting [its] legal theories at the last minute.").

3

Gebert's contention that his proposed amendments "do not alter [his] legal theories . . . or raise new legal theories," but only state them "more clearly," Pl.'s Mot. at 2, 5, is simply incorrect. Gebert seeks to raise new First Amendment vagueness and overbreadth claims, as well as a new Administrative Procedure Act claim, that he did not raise in his original complaint, in addition to new factual allegations to support his existing claims. Pl.'s Mot. at 3. Nor is it relevant that he discussed some of these claims and allegations "during the Opposition," *id.*, as "it is well settled law that a plaintiff cannot amend its complaint by the briefs in opposition to a motion to dismiss." *Sandler v. Blinken*, Civ. A. No. 21-2226 (DLF), 2022 WL 4547557, at *9 (D.D.C. Sept. 29, 2022) (internal quotation marks omitted). And even were it true that Gebert already raised these claims and allegations, that would only diminish any prejudice to him should the Court deny his motion.

## CONCLUSION

This Court should deny Gebert's motion for leave to amend his complaint.

Dated: June 5, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>*Defendants*. | Civil Action No. 22-2939 (DLF) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Plaintiff's motion for leave to amend complaint, the various memoranda submitted in support thereof and opposition thereto, and the entire record herein, it is hereby ORDERED that Plaintiff's motion is DENIED.

SO ORDERED.

_____  
Dated

_____  
DABNEY L. FRIEDRICH  
United States District Judge