UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>      *Plaintiff,*<br><br>    v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>      *Defendants.* | Civil Action No. 22-2939 (DLF) |

**CONSENT MOTION FOR EXTENSION OF TIME,
AND MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Civil Rule 7(e), Defendants, by and through the undersigned counsel, respectfully move for an extension of seven days, through July 5, 2023, of their deadline to move to dismiss Plaintiff Matthew Gebert's amended complaint, ECF No. 34, and for leave to exceed Local Civil Rule 7(b)'s 45-page limit on their memorandum of points and authorities in support of that motion by 15 pages. Pursuant to Local Civil Rule 7(m), the undersigned conferred with counsel for Gebert, who consents to the requested extension of time, but does not consent to the request for leave to exceed the page limit, and intends to respond in opposition to that aspect of Defendants' motion. A proposed order is attached.

Good cause to grant the requested extension of time exists. Given the new numerous claims and allegations that Gebert raises in his amended complaint, Defendants will be unable to complete review of their motion and memorandum in support thereof within both the Department of State and the Department of Justice, as well as by all of the individual defendants, without a one-week extension of time. A one-week extension will not unduly delay proceedings in this case, and will affect no deadlines beyond Local Civil Rule 7's default deadlines for response and reply filings.

Good cause to grant leave to exceed the page limit also exists. Gebert's amended complaint raises 23 separate claims, three more than his original complaint, as well as numerous additional factual allegations in support of the claims that he previously had raised. *Compare* Compl., ECF No. 1, *with* Am. Compl. Defendants' memorandum in support of their motion to dismiss the original complaint was already bumping up against Local Civil Rule 7(b)'s page limit, and even after paring it down, Defendants will be unable to respond to the large number of claims and allegations that Gebert raises, both new and old, in a persuasive manner that will assist the Court in resolving their motion, without an enlargement of Local Civil Rule 7(e)'s default page limits.

Additionally, upon further review of Gebert's pleadings, Defendants have identified two independent jurisdictional defects in Gebert's claims aside from his claims under the Freedom of Information Act ("FOIA") and Privacy Act. Although Defendants did not address these issues in their prior motion to dismiss, they intend to raise them in moving to dismiss Gebert's amended complaint. First, the Civil Service Reform Act divests this Court of jurisdiction over all of Gebert's non-FOIA and Privacy Act claims. Second, Gebert's non-FOIA and Privacy Act claims raise political questions over which the Court lacks jurisdiction. Granting leave to exceed the page limit would promote judicial economy, preserve the Court's and parties' resources, and facilitate prompt resolution of this case by (1) enabling the Court to consider resolving the overwhelming majority of Gebert's claims early in the case on a threshold issue, and (2) obviating any need to file a second, subsequent motion to dismiss raising only jurisdictional issues, should the Court deny Defendants' motion to dismiss in whole or part on non-jurisdictional grounds. *See* Fed. R. Civ. P. 12(h)(3).

Finally, should this Court grant Defendants' motion for leave to exceed the page limit, Defendants request that the Court also grant Plaintiff an additional 15 pages for his response, and grant Defendants an additional 15 pages for their reply.  As noted, an enlargement of the lengths of these submissions may actually diminish the number of pages the Court ultimately needs to

evaluate, relative to the serial motions practice that otherwise could be necessary were Defendants compelled due to the constraints of page limits to advance initially only its non-jurisdictional bases for dismissal, and hold in reserve its jurisdictional challenges, which cannot be waived and which could otherwise be the subject of later motions practice.

Dated:  June 22, 2023                                        Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar #481052

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Bradley G. Silverman*
    BRADLEY G. SILVERMAN
    D.C. Bar #1531664
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2575
    bradley.silverman@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>        *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al.,<br><br>        *Defendants*. | Civil Action No. 22-2939 (DLF) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' Consent Motion for Extension of Time and Motion for Leave to Exceed Page Limit, and for good cause shown, it is hereby

ORDERED that Defendants' Motion for Extension of Time is GRANTED;

ORDERED that Defendants' Motion for Leave to Exceed Page Limit is GRANTED;

ORDERED that Defendants shall move to dismiss by July 5, 2023;

ORDERED that Defendants may file a memorandum of points and authorities in support of their motion to dismiss that is up to 60 pages long;

ORDERED that Plaintiff may file a memorandum of points and authorities in opposition to Defendants' motion to dismiss that is up to 60 pages long;

ORDERED that Defendants may file a reply in support of their motion to dismiss that is up to 40 pages long.

SO ORDERED.

_____                                  _____
Date                                                                     DABNEY L. FRIEDRICH
                                                                                                  United States District Judge