UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE et al.,<br><br>*Defendants*. | Civil Action No. 22-2939 (DLF) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A MOTION TO DISMISS**

Plaintiff ("Gebert" or "Plaintiff"), through his undersigned counsel, respectfully opposes Defendants' Motion for Leave to Exceed The Page Limit pursuant to Local Civil Rule 7(b).

Good cause does not exist to grant leave to exceed the page limit because Defendants were put on notice of Plaintiff's changes contained within the First Amended Complaint prior to the Defendants' submission of their reply brief.  Further, the claims already existed in the original Complaint but were refined and more clearly articulated in the First Amended Complaint.  For example, Plaintiff specified additional counts for overbreadth and vagueness, which would have fallen under the original First Amendment claims. In short, Defendants have had ample notice of the changes, and their arguments for more space is not compelling or justified.

Additionally, Defendants are attempting to increase their  page limit to raise defenses that have been available to them since the filing of the initial Complaint: ECF No. 1.  Defendants are not raising any arguments that are unique or novel to justify the additional pages.  Defendants are now wishing to argue that the CSRA would apply to Plaintiff's Amended Complaint, including even those counts related to the security clearance process. In addition to this defense being available at the onset of the initial Complaint, this argument is misleading and ignores the Court's

jurisdiction to hear the case. Therefore, to the extent CSRA even applies, which Plaintiff does not concede, Defendants could have and should have been put forth in Defendants' previous Motion to Dismiss and the realization that it can be raised after Plaintiff amended his complaint to raise unrelated claims should not justify this Court granting a single additional page to Defendants.

Finally, on June 22, 2023, Plaintiff offered Defendants a compromise of five additional pages: with five additional pages for Plaintiff and five additional pages for Defendant's reply brief. See Exhibit A. However, Defendants insisted on more pages. The additional pages will only delay an already lengthy timeline for the Motion to Dismiss. In short, not granting any additional pages would not only be fair, but it would allow the case to proceed without causing further delays.

Plaintiff, accordingly, respectfully requests that the Court deny Defendants' motion for leave to exceed the page limit. A proposed order is attached.

Dated: June 27, 2023

Respectfully submitted,

By: /s/ *Brett J. O'Brien*
BRETT O'BRIEN, ESQ
Bar License #: 1753983
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue
NW Suite 700
Washington, DC 20036
Phone: (202) 600-4996
Fax:    (202) 545-6318

# EXHIBIT A

From: Brett O'Brien <brett@nationalsecuritylawfirm.com>
Date: Tue, Jun 20, 2023 at 9:50 PM
Subject: Re: [EXTERNAL] Re: Gebert - Leave to exceed page limit
To: Silverman, Bradley (USADC) <Bradley.Silverman@usdoj.gov>

Bradley,

I can agree to 5 pages, but anything more than 5, I think, is unreasonable in light of the fact that I was transparent and
open about the changes prior to your last submission; we agreed to 5 additional pages to address those changes, and
you still have the ability to file a motion for summary judgment if there was some issue that you felt strongly about. Fifteen
or more pages is effectively creating a second motion to dismiss, and I believe it would anger the court. I understand this
is not what you were hoping for, but I am agreeable to 5 additional pages for both sides.

Warm regards,
Brett


On Tue, Jun 20, 2023 at 9:23 PM Silverman, Bradley (USADC)
<Bradley.Silverman@usdoj.gov> wrote:

Thanks, Brett, you too. I am aiming for an additional 15 pages. I may come crawling back and ask for more, but I think
that is reasonable, and limiting myself to those 15 pages will impose some discipline and rigor on me. How does that
sound? I'd consent to an equivalent addition to your response.

Best,
Bradley