UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF STATE, et al.,<br><br>   Defendants. | Civil Action No. 22-2939 (DLF) |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Defendants, by and through the undersigned counsel, respectfully submit this reply in support of their motion for leave to exceed by fifteen pages Local Civil Rule 7(b)'s forty-five-page limit on their memorandum of points and authorities in support of their forthcoming motion to dismiss Plaintiff Matthew Gebert's First Amended Complaint. The motion to dismiss is due July 5, 2023. Gebert's opposition, ECF No. 36, is confused and nothing in it persuasively rebuts Defendants' request for additional pages.

*First*, Gebert misstates the issue as one of "notice," Opp. at 1, when, in reality, it is simply one of space limits. In any event, he is incorrect in asserting that he raised his new claims in his original complaint. He plainly did not—presumably, that is why he wanted to amend his complaint.

*Second*, Gebert is wrong in faulting Defendants for seeking to raise new arguments that, in his view, they could have raised earlier. It is Gebert who interjected new issues into this case, amending his complaint to raise new, previously-available claims and allegations. In any event, if a plaintiff amends the complaint, the plaintiff changes the complexion of the lawsuit, and runs the risk that the amended complaint will occasion different responses. That is the case here.

*Third*, Gebert overlooks that Defendants' jurisdictional arguments cannot be waived and that this Court has an independent duty to determine whether it has subject-matter jurisdiction. *See Mendoza v. Perez*, 754 F.3d 1002, 1018 (D.C. Cir. 2014). Gebert does not address this point at all. Nor does he grapple with the fact that requiring Defendants to raise jurisdictional arguments in a further dispositive motion focused on jurisdictional issues, should the Court deny Defendants' motion to dismiss in whole or part on non-jurisdictional grounds, *see* Fed. R. Civ. P. 12(h)(3), would further delay this case. Enabling Defendants appropriately to raise jurisdictional arguments now would conserve both the Court's and the parties' time and resources.

*Fourth*, and finally, although Defendants appreciate Gebert's offer to agree to a five-page enlargement of the page limit, five additional pages simply are not enough to address all the new claims, the new allegations supporting existing claims, as well as two independent jurisdictional arguments. Defendants have drafted their brief in support of their motion, which is still undergoing review within both the Department of State and Department of Justice, as well as by the individual defendants, and can state that five more pages are insufficient, and that they require fifteen further pages to advance their arguments adequately and in a manner that will assist the Court.

In sum, this Court should grant Defendants leave to exceed the page limit.

\*   \*   \*

Dated:  June 27, 2023						Respectfully submitted,

							MATTHEW M. GRAVES
							United States Attorney
							D.C. Bar #481052

							BRIAN P. HUDAK
							Chief, Civil Division

							By: */s/ Bradley G. Silverman*
								BRADLEY G. SILVERMAN
								D.C. Bar #1531664
								Assistant United States Attorney
								601 D Street NW
								Washington, DC 20530
								(202) 252-2575

							*Attorneys for the United States of America*