THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT )<br>)<br>Plaintiff, )<br>V. )<br>)<br>DEPARTMENT OF STATE )<br>)<br>Defendants. ) | Civil Action No: 1:22-cv-2939 (DLF) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

The Plaintiff in the above-captioned case, through counsel, respectfully moves for leave to file a surreply in response to factual claims made by Defendant, Department of State (hereinafter "State").

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

On January 23, 2024, the Plaintiff, Matthew Gebert, received a letter directly from the Defendant, Department of State, concerning the termination of his health benefits while in a non-pay status. The Defendant, Department of State, notifies Gebert of certain rights that they should have provided to him over four years ago when he entered his non-pay status, and State specifically lists this letter is being sent now "due to the agency's error." **Exhibit A**-Letter from Department of State dated January 19, 2024. (FEHB's jurisdictional provision…opens the federal district-court door). *Empire HealthChoice Assur., Inc. v. McVeigh*, 126 S. Ct. 2121, 2134-2135 (2006). The error which they are now acknowledging is their failure to notify Gebert of his coverage choices, which is the same exact error and violation of law alleged by Plaintiff in his Amended Complaint.

Both Plaintiff's Complaint, as well as their opposition to the Defendant, Department of State's Motion to Dismiss, cited violations of 3 FAM 3600, et al, as well as 5 CFR § 890.502(b), which lists several requirements that the employer agency "must" do that the State Department clearly violated, including the following:

> ***(b) Procedures when an employee enters a leave without pay (LWOP) status or pay is insufficient to cover premium.*** The employing office ***must*** tell the employee about available health benefits choices as soon as it becomes aware that an employee's premium payments cannot be made because he or she will be or is already in a leave without pay (LWOP) status or any other type of nonpay status… The employing office ***must*** also tell the employee about available choices when an employee's pay is not enough to cover the premiums.
>
> (1) The employing office ***must*** give the employee written notice of the choices and consequences as described in paragraphs (b)(2)(i) and (ii) of this section and will send a letter by first class mail if it cannot give it to the employee directly. (***Emphasis*** added)

In light of the Defendant, Department of State's, letter of January 19, 2024, which clearly notes *their* failure to properly inform the Plaintiff of his insurance options in a timely manner, and specifically *prior to his termination*, the Plaintiff is hereby requesting that the Court allow a surreply to respond to the Department of State's failure under 3 FAM 3600 and 5 CFR § 890.502(b).

Furthermore, Defendants' letter proves the intent of the Defendant to eliminate Gebert without any consideration of his rights. The Defendants simply wanted to be able to tell the general public that Gebert no longer received any benefits from the government despite, which among other violations, resulted in violating his entitlement to health insurance for the prescribed period of time after his termination. This document proves that the Government intentionally put Gebert's health and financial well-being in jeopardy out of spite.

For these reasons, counsel for Plaintiff respectfully requests leave to file a surreply of no more than five pages to address this issue by February 1, 2024.  Counsel for both parties have met and conferred on this matter; counsel for the Department of State opposes this motion.

                                                             Respectfully submitted,

Dated:  January 24, 2024                            */s/ Brett J. O'Brien*
                                                            Brett J. O'Brien
                                                            Bar #: 1753983
                                                            NATIONAL   SECURITY   LAW   FIRM
                                                            1250 Connecticut Avenue NW, Suite 700
                                                            Washington, DC  20036
                                                            (202) 600-4996 (Phone)
                                                            (202) 545-6318 (Fax)
                                                            Brett@NationalSecurityLawFirm.com
                                                            Attorneys for Plaintiff