UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW GEBERT,

    *Plaintiff*,

v.

DEPARTMENT OF STATE, *et al.*,

    *Defendants.*

No. 22-cv-02939 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Matthew Gebert challenges the U.S. Department of State's (the "Department") revocation of his security clearance. The Court previously dismissed his complaint for, among other reasons, failure to state a claim. Mem. Op., Dkt. 47. Before the Court is Gebert's Motion for Leave to File an Amended Complaint, Dkt. 49. For the reasons that follow, the Court will deny the motion in part and grant in part.

**I.    BACKGROUND**

    As outlined in the Court's previous opinion, Mem. Op. at 1–4, Gebert is required to maintain a Top Secret security clearance as part of his State Department job, First Am. Compl. ¶¶ 11–12, Dkt. 34. During a routine reinvestigation for his clearance, Gebert was asked "[w]hether he had any association with any person, group, or business venture that could be used, even unfairly, to criticize, impugn, or attack his character or qualifications for a government position"; (2) "[w]hether he was aware of any people or organizations that would criticize or oppose his employment in a government position"; and (3) whether "there was any information regarding members of his family that would be a possible source of embarrassment to the United States Department of State." *Id.* ¶ 14. Gebert answered no to all three questions. *Id.* ¶ 15.

After the reinterview, Hatewatch, a blog connected to the Southern Poverty Law Center, published an article linking Gebert to white nationalist groups. *Id*. ¶ 18. In response, the Department suspended Gebert indefinitely without pay, revoked his security clearance, and terminated his health benefits. *Id*. ¶¶ 38–40, 59, 169, 172–74. Gebert filed a Freedom of Information Act ("FOIA") request seeking Department records relating to him and the Department's action. Mem. Op. at 4.

Gebert filed suit seeking damages, a declaratory judgment, and injunctive relief against the Department and its employees under the First Amendment, the Fifth Amendment, the Administrative Procedure Act, FOIA, and the federal Privacy Act. First Am. Compl. ¶¶ 94–277. The defendants moved to dismiss for insufficient service, lack of jurisdiction, and failure to state a claim. Dkt. 38. The Court granted the defendants' motion to dismiss, and Gebert filed this motion for leave to file an amended complaint.[1]

## II.   LEGAL STANDARDS

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Whether 'to grant or deny leave to amend, however, is vested in the sound discretion of the trial court.'" *Branch v. Spencer*, No. 16-cv-1713 (TJK), 2019 WL 4277413, at *4 (D.D.C. Sept. 10, 2019) (quoting *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977)). Courts may deny leave to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[1] Although Gebert failed to meet and confer with defendants prior to moving for leave to amend, *see* Local Civ. R. 7(m), the Court will consider Gebert's motion on the merits, *see Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 27 (D.D.C. 2001) (noting the "general judicial preference for resolving motions on their merits").

virtue of allowance of amendment, [or] futility of amendment." *Barkley v. United States Marshals Serv.*, 766 F.3d 25, 38 (D.C. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  An amendment "is futile and should be denied" when it "would not survive a motion to dismiss." *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018).  Reviewing for futility is functionally "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *In re Interbank Funding Corp. Secs. Litig.*, 629 F.3d 213, 215–216 (D.C. Cir. 2010) (internal quotation marks omitted).  Thus, when assessing a motion for leave to amend, "the Court is required to assume the truth of the allegations in the amended complaint and construe them in the light most favorable to the movant." *Flaherty v. Pritzker*, 322 F.R.D. 44, 46 (D.D.C. 2017) (citing *Caribbean Broad. Sys. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)).  The party opposing amendment "bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

**III.   ANALYSIS**

Gebert's proposed amended complaint contains fourteen counts, alleging violations of the First Amendment, Fifth Amendment, the Administrative Procedure Act, FOIA, and the Privacy Act, including four Privacy Act claims not previously raised.  The Court will consider each in turn.

**A.   Constitutional Claims**

Most of Gebert's constitutional claims challenge the Department's decision to revoke his security clearance.  *See* Counts I, II, III, IV, V, VI, IX, First Am. Compl. ¶¶ 94–143, 155–160.  These claims are non-justiciable as a recent D.C. Circuit opinion makes clear.  *Lee v. Garland*, No. 20-5221, -- F.4th --, 2024 WL 4596664, at *7 (D.C. Cir. Oct. 29, 2024).  Counts VII and VIII, however, are justiciable because they do not challenge the revocation of Gebert's security

clearance, but rather the interview process itself. Because the underlying basis for those constitutional claims are different, the Court will address them separately.

        1.    *Justiciability*

In the Court's ruling on the defendants' motion to dismiss, the Court dismissed Gebert's First Amendment and Fifth Amendment claims on the merits because he failed to allege constitutional violations. Since then, however, the D.C. Circuit has addressed the issue of whether constitutional challenges to security clearance revocations are ever reviewable on the merits. In *Lee v. Garland*, the D.C. Circuit held that "an Executive Branch decision to deny or revoke a security clearance" is not subject to judicial review due to the lack of judicially manageable standards. *Id.* This holding directly forecloses many of the counts in Gebert's proposed amended complaint.

Counts I through VI and Count IX of the proposed amended complaint raise various First Amendment, Equal Protection, and Due Process claims. Despite pleading new facts related to comparators who allegedly were not afforded the same treatment, the asserted basis for each claim remains the same: the revocation of Gebert's security clearance. Counts I through V explicitly state that the alleged harm stems from his security clearance revocation and resulting job loss. Proposed Am. Compl. ¶¶ 132, 145, 149, 155, 160–161, Dkt. 49. Count VI alleges an Equal Protection claim based on the "disciplinary and retaliatory action" against Gebert. *Id.* ¶ 176. But the only plausible disciplinary action is directly tied to the Department's discretionary decision to revoke his security clearance. Count IX alleges a Due Process claim that is similarly based on the revocation of Gebert's security clearance. *Id.* ¶ 209 (requesting an order that the Department "adjudicate Plaintiff's clearance issue favorably"). In sum, Counts I through VI and IX ask the Court to "second-guess the Executive Branch" on its clearance decisions which the Court cannot

do. *Lee*, 2024 WL 4596664, at *10. Accordingly, the Court will deny Gebert leave to file Counts I through VI and IX of his amended complaint.

The Court will, however, grant Gebert leave to file Counts Counts VII and VIII because both counts challenge the Department's security clearance process rather than the revocation itself. As the D.C. Circuit reiterated in *Lee*, not all issues related to security clearances are nonjusticiable. *Id.* The Circuit has repeatedly affirmed that challenges to the process that only tangentially relate to the ultimate grant or denial of a clearance are justiciable. *See Nat'l Fed'n of Fed. Emps. v. Greenberg*, 983 F.2d 286, 290 (D.C. Cir. 1993). In *Greenberg*, for example, plaintiffs challenged three questions in the Department of Defense's security clearance questionnaire. *Id.* at 287. The Court determined that the challenge was justiciable because even though the ultimate grant or denial decision was nonreviewable, "the judiciary still may properly scrutinize the manner in which the objective is to be achieved." *Id.* at 290. *Greenburg* directly controls here. Counts VII and VIII challenge three questions that the Department asked in its interview as "overbroad, vague, and facially unconstitutional." Proposed Am. Compl. ¶ 184. Like in *Greenberg*, Gebert is not asking the Court to reach a judgment regarding the end result, but merely the means used. Thus, Counts VII and VIII are justiciable.

    2.  *Merits*

Previously, the Court dismissed Gebert's claims challenging the constitutionality of the Department's interview questions because their constitutionality was not relevant to the ultimate determination that Gebert lied in answering those questions. Mem. Op. at 12–13. In other words, the Court construed those claims as ultimately challenging the revocation decision itself. In his amended complaint, however, Gebert makes clear that these counts challenge not the ultimate determination, but the process. Proposed Am. Compl. ¶¶ 182, 189. Because the Department offers

no other basis for the Court to find that amendment would be futile, the Court will grant Gebert's motion to amend his complaint on Counts VII and VIII.

### B. Administrative Procedure Act Claim

Gebert fails to state an APA claim for the same reasons the Court identified in its previous order—he fails to plead any prospective injury allowing remedy under the APA. Gebert's proposed amended complaint identifies one APA claim stemming from the removal of his health insurance coverage. Proposed Am. Compl. ¶¶ 210–228. The proposed amended complaint adds details on the government's admission of error and his financial harm. *Id*. ¶¶ 218–222. But as the Court previously observed, money damages are not a remedy under the APA. 5 U.S.C. § 702. Gebert's amendments do not establish any prospective injury that the APA could remedy, so the proposed amendment would be futile. The Court will deny leave to amend on this basis.

### C. FOIA/Privacy Act Claims

Amendment of Gebert's FOIA and Privacy Act claims, Counts XV and XVI, likewise would be futile because Gebert failed to administratively exhaust before bringing his claims in federal court. In the D.C. Circuit, "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (cleaned up). This "means that a requester under FOIA must file an administrative appeal" under an agency's FOIA regulations or otherwise "face dismissal of any lawsuit complaining about the agency's response." *Id.* (cleaned up). Similarly, a Privacy Act plaintiff must "exhaust his or her administrative remedies prior to bringing an amendment suit." *Hill v. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986). And "failure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute." *Barouch v. DOJ*, 962 F.

6

Supp. 2d 30, 67 (D.D.C. 2013). Gebert concedes he did not appeal the decision following his document requests. Because he failed to exhaust his administrative remedies, an amendment would be futile.

Gebert's argument that he constructively exhausted his claims is unavailing. For one, constructive exhaustion is not allowed by the Privacy Act. *Id.* at 67–68. For another, Gebert has not constructively exhausted his FOIA claim. Constructive exhaustion occurs when an agency fails to provide any meaningful response *at all*, thereby preventing the plaintiff from appealing the decision. *Cf. Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). A response is sufficient if it details (1) "the agency's determination of whether or not to comply with the request"; (2) "the reasons for its decision"; and (3) "notice of the right of the requester to appeal." *Id.* at 65. Gebert claims the Department's response to his FOIA request failed to meet these requirements.

The Department responded to Gebert's request in two stages. In the first stage, the response identified 509 responsive pages, but only specifically addressed 435 of those pages in its denial letter, and only provided 414 of the 420 pages it stated it was releasing. Ex. H, Dkt. 48-3. In the second stage, the Department identified and discussed 456 responsive pages and stated it was releasing all 456 in whole or in part, but only provided 420 pages. Ex I, Dkt 48-5; Proposed Am. Compl. ¶¶ 87–89, 93–95.

Gebert argues that the first letter was deficient for failing to discuss 74 of the redacted pages, and that both letters are deficient for failing to release all the approved documents. Reply at 11–12, Dkt. 52. The latter argument fails because a response "does not require actual *production* of the records to the requester at the exact same time that the 'determination' is communicated to the requester." *Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180, 188

(D.C. Cir. 2013). Thus, the letters served as a determination under the meaning of the statute and obligated Gebert to administratively appeal.[2]

That leaves the remaining 74 pages that were not addressed in the first letter. Although the Court acknowledges this oversight is perplexing, constructive exhaustion is not warranted here. Constructive exhaustion is not appropriate if it would be "unfair 'to those who are engaged in the tasks of administration'" by preventing them the "fair opportunity to resolve" the issue prior to litigation. *Dettmann v. DOJ*, 802 F.2d 1472, 1476 n.8 (D.C. Cir. 1986) (quoting *United States v. Tucker Truck Lines*, 344 U.S. 33, 36–37 (1952)). Because it is not the Court's responsibility to unduly intrude in the administration of an agency's actions, "[c]onstructive exhaustion in the FOIA is a privilege granted only to individuals whose requests for records have essentially been ignored by the agency." *Nat'l Sec. Counselors v. CIA,* 931 F. Supp. 2d 77, 97 (D.D.C. 2013). Gebert's request was not ignored. Indeed, the Department provided a detailed explanation of the number of responsive records, bases for withholding certain documents, and provided notice of his right to appeal. *See Oglesby*, 920 F.2d at 65. The Department's oversight of a few pages is the type of error it should have the "fair opportunity to resolve" through the administrative process. *Dettmann*, 802 F.2d at 1476 n.8. Constructive exhaustion is therefore inappropriate here. Because an amendment would be futile due to Gebert's failure to exhaust, the Court will deny leave to amend on Counts XV and XVI.

---

[2] Gebert does not allege that the Department failed to make the remaining documents "promptly available." 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i); *see Citizens for Responsibility*, 711 F.3d at 283 ("FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years.").

### D. Privacy Act Claims

Gebert raises four new Privacy Act claims under the Privacy Act's catch-all provision for violations unrelated to records requests.[3] 5 U.S.C. § 552a(g)(1)(D). His proposed amendment alleges the Department violated the non-access Privacy Act provisions when it (1) failed to provide notice (Count XI); (2) collected information beyond what was notified, (Count XII); (3) unlawfully collected First Amendment information (Count XIII); and (4) improperly shared information (Count XIV). *See id.* § 552a(e)(3), (e)(7). To support these claims, Gebert must plead facts allowing the plausible inference that the Department's actions were "intentional or willful." *Id.* § 552a(g)(4). Because Gebert has not provided any facts sufficient to support that inference, amendment would be futile.

To state a claim, Gebert must plead facts supporting the plausible inference that the Department's actions were in "flagrant disregard" of the Privacy Act, taken "without grounds for believing them to be lawful," or "so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *In re OPM Data Sec. Breach Litig.*, 928 F.3d 42, 63 (D.C. Cir. 2019) (internal quotation marks omitted). "[G]ross negligence" is insufficient. *Id.* at 62–63. Although the proposed amended complaint alleges facts related to the Department's violations of certain Privacy Act requirements, those alleged facts do not show that the Department's actions were taken in flagrant disregard of the Act. Indeed, Gebert seems to concede that the Department was not targeting him for his views until after the Hatewatch article publicized his views. Proposed Am. Compl. ¶¶ 16, 17, 51. Nor does Gebert allege that the questions were so obviously unlawful that the Department should not have asked them. Thus, the entire basis for

---

[3] As the defendant correctly notes, damages are the only available remedy for non-access-related Privacy Act claims. *See* 5 U.S.C. § 552a(g)(1)(D); (4)(A); *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1122 (D.C. Cir. 2007).

Gebert's claims are his conclusory statements that the Department "acted in a manner which was intentional and willful." *Id.* ¶¶ 234, 242, 254, 261.  His "fanciful at best" allegations cannot support a claim that the Department acted intentionally or willfully in any of his non-access Privacy Act claims.  *Doe v. DOJ*, 660 F. Supp. 2d 31, 44 (D.D.C. 2009) (internal quotation marks omitted).  The Court will thus deny leave to amend on Counts XI through XIV.

    For the foregoing reasons, it is

    ORDERED that Gebert's motion for leave to amend his complaint is GRANTED IN PART and DENIED IN PART.  The motion is granted with respect to Counts VII and VIII and otherwise denied.

    SO ORDERED.

                                                        DABNEY L. FRIEDRICH
                                                        United States District Judge

January 6, 2025