UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW GEBERT,

    *Plaintiff.*

v.

DEPARTMENT OF STATE,

    *Defendant.*

No. 22-cv-2939 (DLF)

**MEMORANDUM OPINION AND ORDER**

    Matthew Gebert sued the U.S. Department of State for revoking his security clearance. In his two remaining claims, he challenges the constitutionality of three questions he was asked in his 2019 security clearance interview as void for vagueness and overbroad. Before the Court is the Department's Motion to Dismiss, Dkt. 62; Gebert's Motion for Preliminary Injunction and Motion for a Temporary Restraining Order, Dkt. 64; Gebert's Cross Motion for Summary Judgment, Dkt. 69; and the Department's Motion to Strike, Dkt. 74. For the reasons that follow, the Court will GRANT the Department's Motion to Dismiss for lack of subject matter jurisdiction and DENY the remaining motions as moot.

**I.    BACKGROUND**

    The factual and legal background to this case is recounted in the Court's previous memorandum opinions on the Department's Motion to Dismiss, Dkt. 38, and Gebert's Motion to Amend, Dkt. 48, which the Court incorporates by reference. 2024 WL 1328439, at *1–2 (D.D.C. Mar. 27, 2024); 2025 WL 42703, at *1 (D.D.C. Jan. 6, 2025). Gebert's remaining claims in his amended complaint challenge the constitutionality of three questions asked during the reinvestigation process:

>(1) Whether he had any association with any person, group, or business venture that could be used, even unfairly, to criticize, impugn or attack his character or qualifications for a government position;
>
>(2) Whether he was aware of any people or organizations that would criticize or oppose his employment in a government position;
>
>(3) [I]f there was any information regarding members of his family that would be a possible source of embarrassment to the [ ] Department.

Sec. Am. Compl. ¶ 13, Dkt. 59. Gebert alleges those questions are overbroad and vague in violation of his First Amendment rights. He is scheduled to appear before a Security Appeal Panel on June 27, 2025, for a final determination regarding his security clearance. The Department now moves to dismiss Gebert's amended complaint.

## II.     LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal law empowers federal district courts to hear only certain kinds of cases, and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (citations and internal quotation marks omitted). But the court "may undertake an independent investigation" that examines "facts developed in the record beyond the complaint" in order to "assure itself of its own subject matter jurisdiction." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005) (internal quotation marks omitted). A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

2

III.   ANALYSIS

    A.   **Subject Matter Jurisdiction**

The Department raises two threshold challenges.[1] Principally, the Department argues that Gebert's claims "flow[] inexorably" from the revocation of his security clearance and therefore are non-justiciable. Mot. to Dismiss at 10–12. And to the extent Gebert seeks relief that is not inextricably tied to the merits of his security clearance determination, the Department contends he lacks standing. The Court agrees.

Not all claims are "capable of resolution through the judicial process." *Rucho v. Common Cause*, 588 U.S. 684, 695 (2019) (quotation omitted). As discussed in the Court's Order on Gebert's motion to amend, 2025 WL 42703, at *2, security clearance determinations relate to issues of national security that "courts traditionally have been reluctant to intrude upon." *Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988). Thus, any claim that requires "reviewing the merits" of an agency's "decision not to grant a clearance" is non-justiciable. *Ryan v. Reno*, 168 F.3d 520, 524 (D.C. Cir. 1999). This includes constitutional claims, like the ones Gebert brings. *Lee v. Garland*, 120 F.4th 880, 888 (D.C. Cir. 2024).

But not all challenges to the security clearance *process* implicate the merits of a particular security clearance determination. In *National Federation of Federal Employees v. Greenburg*, the plaintiffs sought an injunction preventing an agency from asking three questions of civilian employees during security clearance reinvestigations. 983 F.2d 286, 287 (D.C. Cir. 1993). The Court reached the merits of that claim, reasoning that challenges to "the methods used to gather information" were justiciable. *Id.* at 290. This exception only applies, however, when the plaintiff

---

[1] The Department also argues the Civil Service Reform Act divests this Court of jurisdiction, Mot. to Dismiss at 7–10, and that Gebert fails to state a vagueness or overbreadth claim on the merits, Mot. to Dismiss at 16–30. Because the Court will grant the Department's motion to dismiss on alternative grounds, it will not reach these other issues.

"seek[s] relief against an agency decision discrete from the revocation decision." *Lee*, 120 F.4th at 894.

Most of the relief Gebert seeks is inseparable from the Department's decision to revoke his security clearance. Most significantly, he seeks backpay and reinstatement—the exact remedies the D.C. Circuit rejected in *Lee*. 120 F.4th at 885. Because Gebert's job requires an active security clearance, his removal "flowed inexorably from the revocation decision" and that remedy remains outside the Court's jurisdiction. *Id.* at 894. Gebert also seeks an injunction preventing the Security Appeal Panel from considering Gebert's answers to the allegedly unconstitutional questions. Mot. for Prelim. Inj. ¶ 106, Dkt. 64; Sec. Am. Compl. ¶ 103; June 23 Rough Tr. at 15–16. Because those answers to the challenged questions were the sole basis for revoking Gebert's security clearance, *see* Ex A. at 2, Dkt. 64-2, granting such relief would necessarily reverse the Department's determination and, by extension, reinstate his security clearance. Although this might not always be the case, at least as applied here, this relief is not "discrete from the revocation decision." *Lee*, 120 F.4th at 894.

But part of the relief Gebert seeks—an injunction preventing the Department from asking him the challenged questions in any future clearance investigation, Reply at 10, Dkt. 73—falls under the *Greenburg* exception and is justiciable. Even so, he lacks standing to seek such relief. To establish standing, a plaintiff seeking an injunction must show a "sufficiently imminent and substantial" risk of harm. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021). Gebert faces no such risk. Apart from the appeals process itself, which the Court has already addressed, Gebert does not allege any future risk that he will face these unconstitutional questions again. At most, he suggests that if he prevails in obtaining a declaratory judgment, he "will most certainly be subject to a new security clearance background investigation, and then subject to another every

4

five years." Opp'n to Mot. to Dismiss at 11, Dkt. 69-1. But he offers no caselaw to support the proposition that the possibility of a favorable judgment from a court is enough to confer standing. And that possibility is too speculative to grant standing. *See Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 670 (D.C. Cir. 1996). Moreover, it is not plausible that the Security Appeal Panel will ask him the same questions during the upcoming review hearing. Rough Tr. at 31–32. Indeed, Gebert himself insists—though the Department disputes, *id.* at 37—that the three questions were "unique" questions not normally asked in interviews, *id.* at 26. And he further acknowledges that any follow up questions by the appeal panel would only be "derivative" of the original questions. Rough Tr. at 26, 42. He thus lacks standing to challenge future security clearance interview process. Accordingly, it is

    **ORDERED** that the Department's Motion to Dismiss, Dkt. 62, is **GRANTED**. It is further

    **ORDERED** that Gebert's Motion for Preliminary Injunction and Motion for a Temporary Restraining Order, Dkt. 64; Gebert's Cross Motion for Summary Judgment, Dkt. 69; and the Department's Motion to Strike, Dkt. 74, are **DENIED AS MOOT**.

 

                                                                                                                     DABNEY L. FRIEDRICH

June 26, 2025                                                                                                                       United States District Judge