UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW GEBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE,<br><br>        Defendant. | Civil Action No. 22-2939 (DLF) |
| MATTHEW GEBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE,<br><br>        Defendant. | Civil Action No. 25-2180 (CRC) |
| ANNA V. GEBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE,<br><br>        Defendant. | Civil Action No. 25-2181 (CRC) |

**DEFENDANT'S NOTICE OF RELATED CASES**

Pursuant to Local Civil Rule 40.5(b), Defendant Department of State, by and through the undersigned counsel, respectfully notifies the Courts that *Matthew Gebert v. Department of State*, Civ. A. No. 22-2939 (DLF), *Matthew Gebert v. Department of State*, Civ. A. No. 25-2180 (CRC),

and *Anna V. Gebert v. Department of State*, Civ. A. No. 25-2181 (CRC), are related to each other. Civil cases are related where, as relevant here, they either (1) "involve common issues of fact" or (2) "grow out of the same event or transaction." LCvR 40.5(a)(3). "Additionally, cases . . . shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4).

All three of these conditions obtain here. In *Gebert v. Department of State*, Civ. A. No. 22-2939 (DLF), Plaintiff Matthew Gebert challenged the suspension and subsequent revocation of his security clearance. *See generally* 1st Am. Compl., ECF No. 34. The Department suspended and later revoked Mr. Gebert's security clearance after concluding that he had concealed and omitted information about both his and his wife's white nationalist activities and associations in response to three questions posed to him during a routine background reinvestigation. *See Gebert v. Dep't of State*, Civ. A. No. 22-2939 (DLF), 2024 WL 1328439, at *1-*2 (D.D.C. Mar. 27, 2024). The Court dismissed all Mr. Gebert's claims, explaining that he "does not come close to stating a claim under the First Amendment," that his responses to the three background reinvestigation questions "were obvious lies," and that his clearance revocation satisfied rational basis review because "liars are not a protected class entitled to additional judicial protection." *Id.* at *6-*8.

Mr. Gebert moved for leave to amend his complaint to raise four Privacy Act non-access claims. *See* Proposed 2d Am. Compl. ¶¶ 229-62, ECF No. 48-2 (proposed Counts XI through XIV). The Court granted leave to amend in part, but denied leave to amend specifically as to these four proposed Privacy Act non-access claims, concluding that any such amendments would be futile because these four claims could not survive a motion to dismiss for failure to state a claim. *See* Mem. Op. & Order at 9-10, ECF No. 54. The Court dismissed the rest of Mr. Gebert's claims for lack of subject-matter jurisdiction on June 26, 2025. *See* Mem. Op. & Order, ECF No. 78.

In Civil Action 25-2180, filed July 9, 2025, thirteen days after the dismissal of his first suit, Mr. Gebert pleads the exact same Privacy Act non-access claims that the Court in Civil Action No. 22-2939 previously concluded fail to state a claim to relief. *See* Compl. ¶¶ 79-113, ECF No. 1 (Counts III through VI). In Civil Action 25-2181, meanwhile, also filed July 9, 2025, Mrs. Gebert raises three of the same claims her husband raised in both Civil Actions No. 22-2939 and 25-2180, and seeks relief based on the harms her husband ostensibly experienced due to the same ostensible Privacy Act non-access violations. *See* Compl. ¶¶ 52-76, ECF No. 1 (Counts III through V).

As the foregoing demonstrates, Civil Actions No. 22-2939, 25-2180, and 25-2181 are all related to one another. They involve the same parties, or, in Mrs. Gebert's case, the spouse of a party, whom the Department intends to argue is her husband's privy when it moves to dismiss. They arise out of the same facts, i.e., the Department's investigation of Mr. Gebert and suspension and subsequent revocation of his security clearance. And they raise virtually identical Privacy Act non-access claims. Under these circumstances, these three cases "involve common issues of fact," "grow out of the same event or transaction," and "involv[e] the same parties and relat[e] to the same subject matter." LCvR 40.5(a)(3)-(4). For these reasons, these three cases are related.

Dated: August 11, 2025                     Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           United States Attorney

                                           By: */s/ Bradley G. Silverman*
                                               BRADLEY G. SILVERMAN
                                               D.C. Bar #1531664
                                               Assistant United States Attorney
                                               601 D Street NW
                                               Washington, DC 20530
                                               (202) 252-2575
                                               bradley.silverman@usdoj.gov

                                           *Attorneys for the United States of America*

3