UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW GEBERT,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF STATE,

    *Defendant*.

No. 22-cv-2939 (DLF)

# ORDER

The factual and legal background of this case is recounted in the Court's previous memorandum opinions on the Department's Motion to Dismiss, Dkt. 38, and Gebert's Motion to Amend, Dkt. 48, which the Court incorporates by reference. *See* 2024 WL 1328439, at *1–2 (D.D.C. Mar. 27, 2024); 2025 WL 42703, at *1 (D.D.C. Jan. 6, 2025). As relevant here, Matthew Gebert's Second Amended Complaint challenged three questions he was asked during a 2019 security clearance interview as overbroad and vague in violation of the First Amendment. Sec. Am. Compl., Dkt. 59. The Court granted the Department's Motion to Dismiss, Dkt. 62, and dismissed the complaint for lack of subject-matter jurisdiction, *see* Mem. Op. & Order, Dkt. 78. Before the Court is Gebert's Motion for Reconsideration. Pl.'s Mot., Dkt. 81. For the reasons that follow, the Court will deny the motion.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (citation modified). To constitute "clear error," a "final judgment must be dead wrong," *Nanko Shipping, USA v. Alcoa, Inc.*, 118 F. Supp. 3d 372, 375 (D.D.C. 2015) (citation modified),

and "manifest injustice" is "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law," *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 35–36 (D.D.C. 2013).[1]

Gebert's motion makes two main points. First, he argues that the Court erred when it concluded that his claims challenged only the revocation of his clearance and were therefore non-justiciable. Second, he argues that new evidence demonstrates that the Court was wrong to hold that he lacked standing to pursue an injunction preventing the Department from asking him the three contested questions in the future.

As to his first argument, Gebert misreads the Court's opinion. It did not hold that his claims were entirely non-justiciable. The Court first observed that "*most* of the relief Gebert seeks is inseparable from the Department's decision to revoke his security clearance," such as reinstatement, backpay, and an injunction that would require the Department to reverse its revocation decision. Mem. Op. & Order 4 (emphasis added). Claims pursuing these types of relief are indisputably non-justiciable. *See Lee v. Garland*, 120 F.4th 880, 894 (D.C. Cir. 2024); Pl.'s Mot. 7–8, 13 (conceding the same). The Court went on to acknowledge that "*part* of the relief Gebert seeks—an injunction preventing the Department from asking him the challenged questions in any future clearance investigation—falls under the *Greenburg* [sic] exception and is justiciable." Mem. Op & Order 4 (emphasis added); *see also id.* at 3 (noting that "challenges to 'the methods used to gather information' were justiciable" (quoting *Nat'l Fed'n of Fed. Emps. v. Greenberg*, 983 F.2d 286, 290 (D.C. Cir. 1993))). The Court correctly recognized that Gebert's claims were

---

[1] Gebert also moves for reconsideration under Rule 60(b)(1), (6). Pl.'s Mot. 4. But "the Rule 60(b) standard is more stringent than the standard under Rule 59(e) and, since [he] fails to meet the Rule 59(e) standard, it is consequently not necessary to address his claims for reconsideration under Rule 60(b)." *Slate*, 12 F. Supp. 3d at 37. Even if the Court were to consider Rule 60(b) in addition to Rule 59(e), it would deny the motion for the same reasons.

justiciable to the extent they sought "relief against an agency decision discrete from the revocation decision." *Id.* at 4 (quoting *Lee*, 120 F.4th at 894). The Court therefore did not erroneously reject all of Gebert's claims as non-justiciable. Indeed, Gebert's second argument—that the Court erred in its standing analysis—implicitly acknowledges that the Court found some of his claims justiciable before it moved on to assess his standing to sue.

Turning to Gebert's second argument, the Court's holding that he lacked standing to pursue an injunction preventing the Department from asking him the three contested questions in the future was correct. In its opinion, the Court concluded that Gebert failed to establish "a 'sufficiently imminent and substantial' risk . . . that he will face these unconstitutional questions again." Mem. Op & Order 4 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021)). The Court found that the possibility that Gebert would undergo a new security clearance investigation was "too speculative." *Id.* at 4–5. It also reasoned it was "not plausible" that the Department's appeals panel, before which Gebert had an upcoming hearing to challenge the revocation, would "ask him the same questions" again because the Department already knew his answers. *See id.* at 5. At most, the appeals panel might ask him "follow up questions" about his truthfulness that "would only be 'derivative' of the original questions." *Id.* (quoting Rough Tr. 42); *see* Rough Tr. 41.

This prediction was based on the parties' own representations at a hearing before the Court. Gebert's counsel agreed that the panel already knew the answers to the three questions Gebert had been asked during his clearance interview and would instead be interested in why he did not give truthful answers. *See* Rough Tr. 41–42; *see also id.* (defense counsel stating that "the questions that are going to be asked [by the panel] are going to be *derivative* of the original question[s]." (emphasis added)). The Court held that the possibility that Gebert would be asked by the appeals

3

panel whether he was truthful when he answered the three challenged questions six years earlier did not give Gebert standing to pursue his requested injunction. *See* Mem. Op & Order 5.

Nothing in his reconsideration motion refutes that conclusion. Gebert reports that he attended a hearing "to appeal the [Department's] decision to revoke his security clearance." Pl.'s Mot. 3. He asserts that a member of the appeals panel asked him "whether he was truthful when he answered the investigator's questions" and then "read the three challenged questions" from the 2019 interview. *Id.* According to Gebert, this "new evidence shows that the original three challenged questions were indeed posed to Mr. Gebert during the [appeal] proceeding." *Id.* at 18 n.3. Thus, Gebert argues that the Court's finding that it was "not plausible" that the panel would ask him the same questions was "overtaken by fact" and the Court therefore erred in holding that he lacked standing. *Id.* at 18–19.

This argument fails for at least two reasons. First, it was Gebert's burden to allege sufficient facts establishing his standing to sue at the time he filed his complaint, not after the fact in a motion for reconsideration. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed*."). *Contra* Pl.'s Reply Br. 15 ("New evidence demonstrates that he was in fact at risk because he did face the questions again during the [appeals process]."). Second, Gebert's "new evidence" is entirely consistent with the facts before the Court when it issued its order. The panel hearing proceeded exactly as the parties and the Court had predicted. The panel asked about Gebert's truthfulness and, in so doing, repeated the same three challenged questions, but it did not directly ask him any of the questions. Nothing about these later developments shows that the Court erred in assessing Gebert's likelihood of future harm.[2]

---

[2] In his motion for reconsideration, Gebert also presents a new theory of standing and seeks entirely different relief. He argues that he is "presently harmed by the existence of a permanent government

Accordingly, it is

**ORDERED** that Gebert's Motion for Reconsideration, Dkt. 81, is **DENIED**.

**SO ORDERED.**

                                                                                                     _____
                                                                                                     DABNEY L. FRIEDRICH
January 2, 2026                                                                       United States District Judge

---

record containing compelled responses to unconstitutional questions," Pl.'s Mot. 19, and seeks "[a]n order sealing or purging [his] responses to the unconstitutional questions from further adjudicative use," *id.* at 13.  The Court need not consider these new arguments because "Rule 59(e) is not a vehicle to present a new legal theory that was available prior to judgment." *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012).

5